## STATE v. GLENN LaTONDRESS.

247 N. W. 2d 401.

October 8, 1976—No. 46035.

*Pierre N. Regnier,* City Attorney, and *Thomas R. Hughes* and *Daniel H. Mabley,* Assistant City Attorneys, for appellant.

*Miller, Neary & Zins* and *David E. Zins,* for respondent.

PER CURIAM.

The state appeals from a pretrial order suppressing the results of a breath test in a prosecution for violation of Minn. St. 169.121, subd. 1(d), driving with a blood-alcohol content exceeding .10 percent. We affirm.

Section 169.121, subd. 2, provides that breath test results are admissible "if said test is taken voluntarily or pursuant to section 169.123," the latter section being the implied-consent law. In this case the complete "implied-consent advisory" was not given to the defendant. The evidence was admissible, therefore, only if the defendant took the breath test voluntarily.

The test clearly was not taken voluntarily. Both the arresting officer and the defendant testified that before defendant consented to take the test he was told by the officer that refusal could result in the revocation of his license. A test is not *voluntarily* given when a defendant is threatened with license revocation if he does not consent to the test. It is solely on this ground that we affirm the trial court's order of suppression.

The trial court verbally stated the foregoing reason for its order of suppression at the time of the Rasmussen hearing. In subsequent written findings and conclusions, however, the trial court stated a different ground for suppressing the breath test results. It construed § 169.121, subd. 2, to mean that no test is taken voluntarily unless the defendant has been given a complete implied-consent advisory pursuant to § 169.123. We have rejected this construction in State v. Rossow, 310 Minn. 399, 247 N. W. 2d 398, filed herewith.

Pursuant to Minn. St. 632.13(8), defendant is allowed as attorneys fees on this appeal the sum of $350.

**Affirmed.**